UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ONEWEST BANK, N.A.,

                        Plaintiff,

v.                                                   6:14-CV-0781
                                                           (GTS/TWD)
JASON P. HICKOK; NATHAN LITTAUER HOSP.;
FULTON CNTY CLERK; and JOHN DOE,

                        Defendants.[1]
_____

APPEARANCES:                                        OF COUNSEL:

GROSS POLOWY, LLC                          AMY E. POLOWY, ESQ.
  Counsel for Plaintiff                             KEITH R. YOUNG, ESQ.
25 Northpointe Parkway, Suite 25
Amherst, NY 14228

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this real property foreclosure action arising under diversity jurisdiction and filed by OneWest Bank, N.A. ("Plaintiff") against Jason P. Hickok, Nathan Littauer Hospital, Fulton County Clerk, and John Doe (collectively "Defendants"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 16.) For the reasons stated below, Plaintiff's motion is granted. However, to the extent that Plaintiff additionally requests that the Court issue a Judgment of Foreclosure and Sale, Plaintiff is directed to file an amended proposed Judgment of Foreclosure and Sale and a memorandum of law.

---

[1]     Plaintiff voluntarily discontinues its claims against Defendant John Doe. (Dkt. No. 16, Attach. 1, at ¶ 11.) As a result, the Clerk of Court is directed to terminate John Doe as a Defendant on the docket sheet.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Complaint**

Generally, liberally construed, Plaintiff's Complaint alleges as follows. (Dkt. No. 1) On or about July 26, 2007, Defendant Hickok executed a promissory note ("Note") promising to pay $105,600.00. To secure his promise to pay his obligation under the Note, Defendant Hickok executed and delivered a Mortgage on the property located at 202 East State Street Gloversville, New York 12078 (the "Property"). On October 8, 2008, Defendant signed a Loan Modification Agreement, modifying the terms of the Note ("Modified Note") and the Mortgage. Subsequently, Mortgage was assigned first to IndyMac Federal Bank, FSB, and then to OneWest Bank N.A. (formally known as OneWest Bank, FSB). On May 1, 2009, Defendant failed to make a payment due and owing in accordance with the terms of the Modified Note and Mortgage. Plaintiff accelerated the loan and declared the entire amount due and owing under the Modified Note. As a result, the principal balance presently due and owing under the Note and Mortgage is $182,247.69, in addition to interest accruing from October 17, 2014, at a rate of 6.125%.

Finally, alleges the Complaint, the remaining Defendants claim an interest or a lien in the Property prior and adverse to Plaintiff's mortgage lien, which claim is invalid. (*Id.*)

Based on these (and other) factual allegations, Plaintiff's Complaint asserts the following two claims against Defendants: (1) a claim for a judgment foreclosing on Plaintiff's mortgage encumbering 202 East State Street Gloversville pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("NY RPAPL"); and (2) a claim for a judgment discharging the prior and adverse liens on the Property pursuant to Article 15 of the NY RPAPL. (*See generally* Dkt. No. 1.)

### B. Plaintiff's Service of Its Complaint and Defendants' Failure to Answer

On June 27, 2014, Plaintiff served its Complaint on Defendants. (Dkt. No. 3.) As of the date of this Decision and Order, Defendants have filed no Answer to that Complaint. (*See generally* Docket Sheet.)

### C. Clerk's Office's Entry of Default and Defendants' Non-Appearance

On October 3, 2014, Plaintiff filed for entry of default. (Dkt. No. 13.) On October 6, 2014, the Clerk of the Court entered default against Defendants, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 14.) As of the date of this Decision and Order, Defendants have not appeared and attempted to cure that entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment and Defendants' Non-Response

On December 8, 2014, Plaintiff filed a motion for default judgment against Defendants pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 16.) As of the date of this Decision and Order, Defendants have filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff argues as follows: (1) Plaintiff is entitled to a judgment of foreclosure and sale; (2) the property should be sold pursuant to NY RPAPL § 1351 and that the sale of the proceeds be distributed in accordance with NY RPAPL § 1354; and (3) Plaintiff is entitled to reimbursement for its attorney fees and Plaintiff is entitled to reimbursement for its costs, allowances, and disbursements made in accordance with the Note and Mortgage and Article 83 of the New York Civil Practice Law and Rules ("NY CPLR"). (Dkt. No. 16, at ¶ 16-17.) Familiarity with the particular grounds for Plaintiff's motion for default judgment against Defendants is assumed in this Decision and Order, which is intended primarily for the review of the parties.

## II. GOVERNING LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining

the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## III. ANALYSIS

### A. Liability

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden of establishing entitlement to default judgment against Defendants on the issue of liability under the circumstances.[2]

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendants. However, no Answer has been filed and no one has appeared on behalf of Defendants. In addition, the Clerk has already entered default against Defendants, and Plaintiff has served Defendants with its motion for the issuance of a default judgment. However, Defendants have still neither responded to the motion nor even appeared in this action. Finally, the Court finds that the factual allegations of Plaintiff's Complaint are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that, "[b]efore judgment can be entered, the court must determine

---

[2] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

For each of these alternative reasons, the Court grants Plaintiff's motion for the issuance of a default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

### B. Damages

After carefully considering Plaintiff's unopposed motion, the Court has calculated the amount of damages owed as follows.

In support of its damages request, Plaintiff has provided, *inter alia*, the certification of Plaintiff's Assistant Secretary, Caryn Edwards, which demonstrates that Defendant Hickok is indebted to Plaintiff in the amount of $176,411.67 as of October 17, 2014.[3] In addition, Plaintiff has established the following amounts due and owing: $3,388.92 in interest based on a per diem rate of $18.22 accruing from October 17, 2014, to the date of this Decision and Order (April 21, 2015),[4] $1,145 in costs and disbursements,[5] and $2,500 in attorney's fees.[6]

---

[3] (Dkt. No. 16, Attach. 10, at 2-7 [Ex. I-1 to Young Affirm.].)

[4] (*Id*. at 7.)

[5] The Court calculates Plaintiff's costs, fees and disbursements as follows: $350 for civil case fee filing pursuant to 28 U.S.C. § 1914(a), plus $760 for serving the Summons and Complaint, plus $35 for the Clerk's fee for filing the Notice of Pendency.

[6] Attorneys for Plaintiff did not include time sheets or detailed explanations of the time spent working on this cause of action. However, based upon the work completed by Plaintiff's attorneys listed in the Attorney Fee Affirmation (which included ordering a title search, reviewing title search and relevant loan documents, preparing a debt validation letter, preparing for service of process of all defendants, and preparing judgment of foreclosure), this Court concludes that an award of $2,500 in attorney's fees is appropriate based upon the attorney's hourly rate of $175 and paralegal's rate of $75 (i.e., 10 x $175 + 10 x $75).

Therefore, the Court concludes that Plaintiff has met its burden of establishing a valid basis for the damages, and that default judgment against Defendants in the amount of $183,445.59 is appropriate.[7]

C.     **Proposed Judgment of Foreclosure and Sale**

In addition to submitting a proposed Judgment requesting the relief granted by this Decision and Order, Plaintiff has submitted a proposed Judgment of Foreclosure and Sale, which the Court finds to not be sufficiently explained in Plaintiff's attorney affirmation. (*Compare* Dkt. No. 22, Attach. 1, at 4-9 *with* Dkt. No. 16, Attach. 1.)

If Plaintiff continues to request such a Judgment of Foreclosure and Sale, Plaintiff is directed to do the following three things within thirty days of the date of this Decision and Order: (1) file an amended proposed Judgment of Foreclosure and Sale, which fills in the blanks currently contained in its proposed Judgment of Foreclosure and Sale, and which amends the amounts of money referenced therein so they comport with the amounts of money awarded in this Decision and Order; (2) in addition to filing that amended document, email it in Word format to the undersigned's courtroom deputy, Lori Welch, at lori_welch@nynd.uscourts.gov; and (3) file a memorandum of law citing legal authority for each of the paragraphs requested in the amended document.

**ACCORDINGLY**, it is

---

[7] *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4 (finding, in an unopposed motion for default judgment based on an ERISA claim, that plaintiffs were entitled to unpaid contributions, interest on unpaid contributions, liquidated damages, and audit fees in amounts that plaintiffs claimed they were entitled to pursuant to the parties' agreement and/or 29 U.S.C. § 1132[g][2][C]).

**ORDERED** that the Clerk of the Court shall **TERMINATE** John Doe as a Defendant in this action, in accordance with note 1 of this Decision and Order; and it is further

**ORDERED** that Plaintiff's motion for entry of default judgment against Defendants (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff is awarded a Judgment against Defendant Hickok in the amount of $183,445.59, with interest at the statutory rate after the date of the entry of this Decision and Order; and it is further

**ORDERED** that the Property shall be sold pursuant to NY RPAPL § 1351, that a deed shall be issued in accordance with NY RPAPL § 1353(1), and that the sale proceeds shall be distributed in accordance with NY RPAPL § 1354; and it is further

**ORDERED** that, should Plaintiff continue to request a proposed Judgment of Foreclosure and Sale, Plaintiff shall, within **THIRTY (30) DAYS** of the date of this Decision and Order, do each of the three things specified above in Part III.C. of this Decision and Order; and it is further

**ORDERED** that, if plaintiff fails to do each of the three things specified above in Part III.C. of this Decision and Order within **THIRTY (30) DAYS** of the date of this Decision and Order, the Clerk is directed to enter a default judgment in favor of the Plaintiff in the amount of $183,445.59, with interest at the statutory rate after the date of entry of this Decision and Order against Defendant Hickok and close this case.

Date: April 21, 2015
Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge